Donald Edward BEATY,
Plaintiff–Appellant,

v.

Janice K. BREWER, Governor of Arizona; Charles Ryan, Director, Arizona Department of Corrections; Ernest Trujillo, Warden, Arizona Department of Corrections–Eyman; Carson McWilliams, Warden, Arizona Department of Corrections–Florence; Unknown Parties, Names as Does 1–50, Defendants–Appellees.

No. 11–99007.

United States Court of Appeals,
Ninth Circuit.

May 25, 2011.

Dale A. Baich, Esquire, Robin C. Konrad, Esquire, Assistant Federal Public Defenders, Jon M. Sands, Federal Public Defender, FPDAZ—Federal Public Defender's Office, Phoenix, AZ, Allen W. Burton, O'Melveny & Myers LLP, New York, NY, for Plaintiff–Appellant.

Kent Ernest Cattani, Chief Counsel, John Pressley Todd, Esquire, Assistant Attorney General, Arizona Attorney General's Office, Phoenix, AZ, for Defendants–Appellees.

D.C. No. 2:11–cv–01037–NVW, District of Arizona, Phoenix.

D.C. No. CIV 11–1037–PHX–NVW, District of Arizona, Phoenix.

Before: THOMAS, Circuit Judge and Capital Case Coordinator.

## ORDER

Pursuant to the rules applicable to capital cases in which an execution date has been scheduled, a deadline was established

by which any judge could request a vote on whether the panel's order should be reheard en banc. A judge requested a vote on whether to rehear the panel's decision en banc. Judges Silverman and Ikuta were recused and did not participate in the vote.

■ A majority of the non-recused active judges did not vote in favor of rehearing en banc. Therefore, the panel's order is the final order of this Court. A copy of the panel order, along with a copy of the district court order to which it refers is attached. Also attached is a dissent from the order denying rehearing en banc and a concurrence in the order.

No further petitions for rehearing or rehearing en banc will be entertained as to the order. The previously issued temporary stay of execution is VACATED.

Before: O'SCANNLAIN, GRABER, and McKEOWN, Circuit Judges.

### ORDER

Donald Beaty is scheduled to be executed by the State of Arizona today, Wednesday, May 25, 2011. Earlier today, the district court denied Beaty's Motion for Temporary Restraining Order or Preliminary Injunction. Beaty subsequently filed, in this court, an Emergency Motion Under Circuit Rule 27–3 for an Injunction.

■ To obtain preliminary injunctive relief, a plaintiff must demonstrate (1) that he is likely to succeed on the merits of such a claim, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008). We acknowledge that Beaty has a strong interest in being executed in a constitutional manner, but he has not shown that this interest is threatened in this case. For the reasons expressed by the district

court, we conclude that Beaty has failed to satisfy this standard.

Accordingly, Beaty's motion is DENIED.

REINHARDT, Circuit Judge, dissenting from the denial of rehearing en banc, with whom Judges SCHROEDER, PREGERSON, W. FLETCHER, FISHER, PAEZ, and BERZON join:

Rushing to execute Donald Beaty under the circumstances before us is unconscionable. At 4:00 p.m. yesterday, a mere *eighteen hours* before the State was scheduled to execute him, Arizona announced that, due to concerns about the legality of its importation of the drug constitutionally approved for use in its three-drug protocol, it would switch to a new drug that it had never tested and that its executioners had not been trained to use.

The issue before us is not the substantive one of whether substituting drug A for drug B is "very likely" to cause needless suffering. It is the question of procedural due process: whether an individual may be executed pursuant to a protocol substituted for the established means of execution, eighteen hours before the scheduled time of execution and without sufficient opportunity even to present his constitutional objections.

The last-minute action in this case, unlike those previously condemned by the Supreme Court, was taken by the State not the individual about to be executed. Normally, we count against a condemned man seeking a stay "the extent to which the inmate has delayed unnecessarily in bringing the claim." *Nelson v. Campbell*, 541 U.S. 637, 649, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004). The State should be held to a higher standard, not a lower one. The state's last-minute action serves, whether by design or otherwise, to deprive a capital defendant of a fair opportunity to

contest the constitutionality of the new method of death to be used. Surely, under these circumstances, the condemned individual is entitled to attempt to determine and present to the Court any objections that he may legitimately raise to the new execution protocol hastily introduced by the State.

Due Process demands more. "The fundamental requisite of due process of law is the opportunity to be heard. This right to be heard has little reality or worth unless one is informed that the matter is pending...." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950) (internal citations omitted). Recently, we observed that "[i]f a court could never look beyond the facial constitutionality of an execution protocol when presented with evidence of improper administration, states could simply adopt constitutionally sufficient protocols similar to Kentucky's and then flout them without fear of repercussion." *Dickens v. Brewer*, 631 F.3d 1139, 1146 (9th Cir.2011). But now Arizona has upped the stakes: Why bother to properly administer a protocol that a court has held is constitutionally sufficient on its face, when you can just discard that protocol and adopt a new one on the eve of the execution? This way, Arizona has ensured itself a way of using a protocol that a court can "never" look at it in any serious fashion, and it can "flout" the requirement for a constitutionally sufficient protocol "without fear of repercussion."

Beaty has a right to reasonable notice of changes or variations to the mode and manner in which the State plans to carry out his execution in order to review it and ensure that it comports with constitutional requirements. He has a protected interest in knowing and being given an opportunity to be heard about the State's use of pentobarbital in his execution, in contrast to its protocol in past executions. Were it otherwise, the capital defendant's due process right to review such protocols would be meaningless.

The panel denied relief because Beaty failed to demonstrate certain factual matters regarding the new protocol. Yet, we cannot fault him for failing to do so in less than a single day. To require such a showing in the eighteen hours before execution is to deny Beaty due process. The *Winter v. Natural Resources Defense Council*[1] test relied on by the panel cannot apply when a party has not been given an opportunity to make the necessary showing. Here, Beaty was clearly not afforded that opportunity. A stay should be issued in order to allow him to do so.

We err not only by concluding that Beaty will not suffer irreparable injury, a rather odd proposition to say the least, but by failing to recognize that the judicial system itself will as well. This is not the first time there has been a rush to judgment in a capital case, nor the first time there has been an unwillingness to provide due process to a capital defendant. Our conduct in this case, as in others, will certainly weaken even further the diminishing public confidence in the administration of the death penalty.

TALLMAN, Circuit Judge, with whom Chief Judge KOZINSKI, and Judges O'SCANNLAIN, CALLAHAN, BEA, and M. SMITH join, concurring in the denial of rehearing en banc:

Judge Reinhardt and those who join him fault this Court for failing to further delay the inevitable. They fault us for not giving Donald Beaty yet another opportunity to delay the just punishment he has been resisting for more than twenty-six years. Admittedly, we, like the district court, are

---

1. 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

"troubled by the timing of both the Department of Justice's request that [the Arizona Department of Corrections's ("ADC")] sodium thiopental not be used in Plaintiff's execution and the ADC's decision to substitute pentobarbital." Nevertheless, we cannot say that Beaty has not been afforded all the process he is due. Apparently, the Supreme Court agrees. While we voted on whether to rehear this case en banc, the Court denied Beaty's petition for certiorari challenging the State's decision to substitute the drugs. *Beaty v. Brewer,* —— U.S. ——, 131 S.Ct. 2929, 179 L.Ed.2d 1267, 2011 WL 2029883 (2011).

Judge Reinhardt argues that the "issue is not the substantive one of whether substituting drug A or drug B is 'very likely' to cause needless suffering." Not so. Though "the right to procedural due process is 'absolute,'" it is not unmeasured. *Carey v. Piphus,* 435 U.S. 247, 259, 266, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). "[I]n deciding what process constitutionally is due in various contexts, the Court repeatedly has emphasized that 'procedural due process rules are shaped by the risk of error inherent in the truth-finding process. . . .'" *Id.* at 259, 98 S.Ct. 1042 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 344, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)).

Had Beaty raised a claim of significant merit, the "risk of error" would have risen and so, too, would the degree of process necessary to satisfy any constitutional concern. However, Beaty did not raise such a claim. To the contrary, Beaty not only failed to provide any factual support for his claim, *cf. Brewer v. Landrigan,* 562 U.S. ——, 131 S.Ct. 445, 178 L.Ed.2d 346 (2010) ("But speculation cannot substitute for evidence that the use of the drug is '*sure or very likely* to cause serious illness and needless suffering.'" (quoting *Baze v. Rees,* 553 U.S. 35, 50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality opinion))), he

failed to suggest any way in which the modified protocol is constitutionally objectionable—or objectionable at all.

Indeed, the Tenth Circuit approved a virtually identical procedure after allowing the inmate to pursue discovery, introduce an expert report, and hold an evidentiary hearing. *See Pavatt v. Jones,* 627 F.3d 1336, 1338–40 (10th Cir.2010). The Eleventh Circuit approved the substitution of pentobarbital for sodium thiopental just last week. *See Powell v. Thomas,* 641 F.3d 1255, 1256–58 (11th Cir.2011)(per curiam). Beaty has not suggested any way in which the Tenth or Eleventh Circuits' analyses are deficient.

Furthermore, the factual underpinnings of *this claim* were reviewed by the Arizona Supreme Court, the Arizona District Court, and the Ninth Circuit itself. This process was constitutionally sufficient and firmly resolved any lingering substantive question of the merit of Beaty's claim. Both the district court, and our three-judge panel, applied the *Winter* factors to conclude that Beaty had not met his burden of entitlement to injunctive relief. *Winter v. Natural Res. Def. Council,* 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). That should be the end of the matter.

Judge Reinhardt suggests that the timing constraints at issue in this situation should prohibit *Winter*'s application, but he cites nothing to support that novel proposition.

To the contrary, the Supreme Court has instructed that "a plaintiff seeking a preliminary injunction *must* establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 374 (emphasis added); *see also Hill v. McDonough,* 547 U.S. 573, 584, 126 S.Ct.

2096, 165 L.Ed.2d 44 (2006) (stating that a "preliminary injunction [for a stay of execution is] *not* granted unless the movant, by a clear showing, carries the burden of persuasion" (emphasis added)). No authority supports Judge Reinhardt's proposition that a prisoner is entitled to a stay in order to get discovery to make out a claim. Not only does *Winter* apply, but we are prohibited from granting relief unless its standards are met.

The Supreme Court has instructed that an injunction is an "extraordinary and drastic remedy," *Munaf v. Geren*, 553 U.S. 674, 689, 128 S.Ct. 2207, 171 L.Ed.2d 1 (2008), and that we should be especially cautious in granting injunctive relief where doing so would trample on the state court's judgment. *Baze*, 553 U.S. at 51 n. 2, 128 S.Ct. 1520. Federal courts are not "boards of inquiry charged with determining 'best practices' for executions." *Id.* at 51, 128 S.Ct. 1520. Pentobarbital is a barbiturate commonly used to euthanize terminally ill patients who seek death with dignity in states such as Oregon and Washington. It has also successfully been used for executions in at least four other states. Beaty's sheer speculation that the drug, obtained from a domestic source, will act differently when administered to him by members of a team comprised of "medically trained personnel, such as physicians, physician assistants, nurses, or emergency medical technicians," *Dickens v. Brewer*, 631 F.3d 1139, 1142 (9th Cir.2011), comes nowhere near meeting his burden of establishing that the drug is " '*sure or very likely* to cause serious illness and needless suffering,' and give rise to 'sufficiently *imminent* dangers,' " *Baze*, 553 U.S. at 50, 128 S.Ct. 1520.

Were we to countenance such untimely hypothetical arguments, we would simply encourage collateral litigation, embroiling us in scientific controversies beyond our expertise and intruding on legislative and executive prerogative in providing for humane methods of execution. *See id.* at 51, 128 S.Ct. 1520. In the process, we would erect new obstacles preventing states from carrying out legitimate judgments and lose sight of our overarching responsibility to see that justice is done. Denial of en banc review accords the appropriate respect for both the state's legitimate interests and Supreme Court precedent.

## ORDER

May 27, 2011.

Before: THOMAS, Circuit Judge and Capital Case Coordinator.

The Amended Order dated May 25, 2011, is amended to include the attached concurrence by Chief Judge Kozinski and the additional dissent by Judge Reinhardt.

KOZINSKI, Chief Judge, with whom Judges GOULD and N.R. SMITH join, concurring in the denial of rehearing en banc:

Because I decided not to delay further the order denying en banc rehearing, I did not file a concurral on the day of the execution. Nevertheless, I believe it's important to lay out an argument that I found very persuasive when voting on the en banc call. By the time Beaty asked for a stay, his claim—that the state violated his constitutional rights by substituting pentobarbital for sodium thiopental as the first drug in its three-drug execution protocol—had already been rejected by two other courts of appeals. The Tenth Circuit approved a protocol virtually identical to Arizona's after allowing the inmate to conduct discovery, submit an expert report and participate in an evidentiary hearing. *See Pavatt v. Jones*, 627 F.3d 1336, 1338–40 (10th Cir.2010). The Eleventh Circuit approved the substitution of pentobarbital for sodium thiopental just last week. *See Powell v. Thomas*, 641 F.3d 1255, 1256–58

(11th Cir.2011) (per curiam). None of Beaty's filings—not his complaint, nor his motion for a TRO before the district court, nor his emergency motion in our court—suggested any way in which the Tenth or Eleventh Circuits' analyses were deficient, or that his case differed materially from those of the inmates there.

While these out-of-circuit cases aren't controlling, I found it significant that the factual and legal issues in Beaty's claim had been fully considered by these courts. Indeed, the inmate in the Eleventh Circuit had about a month's notice of the planned drug substitution, yet the best evidence he could produce was the *same* expert report the Tenth Circuit had rejected. *See Powell,* 641 F.3d at 1256–58. I didn't see how Beaty would come up with better evidence if we granted him a stay, or how he'd clear the Supreme Court's high bar for finding a constitutional violation. *See Baze v. Rees,* 553 U.S. 35, 49–50, 128 S.Ct. 1520, 170 L.Ed.2d 420 (2008) (plurality op.). It was therefore appropriate for the district court to rely on the Tenth and Eleventh Circuits' analyses in denying Beaty a stay of his execution, and for the three-judge panel to rely on the same reasoning. *See* Order Denying Mot. for TRO or Prelim. Inj., *Beaty v. Brewer,* No. CIV 11–1037–PHX–NVW, at 7 (D.Ariz. May 25, 2011) (docket entry # 9) ("[B]oth the Tenth and Eleventh Circuits have found that use of pentobarbital does not create a substantial risk of serious harm."); *see also Beaty v. Brewer,* 649 F.3d 1071, 1072 (9th Cir.2011) ("For the reasons expressed by the district court, we conclude that Beaty has failed to satisfy [the standard for a preliminary injunction]."). There was no reason to go en banc and further delay the inevitable.

REINHARDT, Circuit Judge, additional dissent from the denial of rehearing en banc:

Chief Judge Kozinski finds it "very persuasive" that two circuits have approved the use of the three-drug protocol that Arizona adopted less than twenty-four hours before the scheduled execution. Again, I find it necessary to express my disagreement.

Conflicts among circuits are common. Indeed, one of the principal reasons for the Supreme Court to hear cases is to resolve the numerous conflicts among circuits. *See* Sup.Ct. R. 10. That other circuits have taken a position on a constitutional question does not relieve us of the responsibility to make a full and independent judgment ourselves. This is the Ninth Circuit, not the Tenth or Eleventh, and our views sometimes differ from those of other circuits. *See, e.g., United States v. Gaudin,* 28 F.3d 943 (9th Cir.1994) (en banc), *affirmed,* 515 U.S. 506, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995); *id.* at 955 (Kozinski, J., dissenting) (observing, prior to the affirmance of our decision by the Supreme Court, that "[e]very other circuit to have considered" the question presented has disagreed with the Ninth Circuit).

This is a death penalty, not a slip-and-fall case. We have no greater duty than to decide such cases fairly and properly. Constitutional challenges often turn on their facts. We will never know whether with more time Beaty could have successfully pleaded sufficient facts to satisfy the district court or the three judges of this court to whom the case was assigned that a stay was warranted.

When the State has created a constitutional issue by changing the method of execution only eighteen hours before that ultimate and irreversible act is to take place, we must permit the person to be executed adequate time to prepare his challenge. That did not happen here. As a result, Beaty was deprived of due process, and we as a court were compelled to fall back on inadequate arguments such as those advanced by Chief Judge Kozinski,

rather than to make a fully informed and independent decision of our own.